[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#103)
After a fire at plaintiff's business in August 2000, the defendant refused to pay insurance benefits for alleged business interruption loss caused by fire damage to the property. Claiming that refusal to be wrongful, the plaintiff brought this action to recover those benefits. The defendant has moved for summary judgment because of a two-year limitation period for bringing actions contained within the commercial insurance contract between the parties. For the reasons stated below, the court grants the motion.
 I. FACTS
On August 2, 2000, a fire occurred at the plaintiff's business property in Brookfield, CT, causing a loss to the plaintiff covered by a commercial risk insurance contract issued by the defendant to the plaintiff. On September 4, 2002, the plaintiff, Drs. Phillips and Lambert, LLC, filed a complaint against the defendant, American National Fire Insurance Co., alleging that the defendant wrongfully refused to pay insurance benefits for business interruption loss suffered by the plaintiff as a result of that fire. The defendant filed an answer on September 24, 2002, denying allegations that it had wrongfully failed to pay insurance benefits to the plaintiff and asserting the special defense that the action is barred by a two-year limitation clause of the policy that requires suits to be brought within two years of the date of the occurrence causing damages to the insured. The date and time of the fire that caused damage to the plaintiff's property are not in dispute here, each having been pleaded by plaintiff in the complaint and admitted by defendant in its answer.
On December 19, 2002, the defendant filed a motion for summary judgment on the ground that the plaintiff's action is barred by this two-year limitation clause of the insurance policy and, therefore, the defendant is not obligated to provide relief to the plaintiff. On the same date, the defendant filed a memorandum in support of its motion pursuant to CT Page 4204 Practice Book § 17-45. The plaintiff did not file a memorandum or offer any evidence opposing the defendant's motion.
 II. STANDARD OF REVIEW
A court will grant summary judgment if, viewing the evidence in the light most favorably to the non-moving party; Elliot v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998); there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Guptav. New Britain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996).
After the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that shows the existence of some disputed factual issue. Scinto v. Stamm,224 Conn. 524, 533, 620 A.2d 99, cert. denied, 510 U.S. 861 (1993).
[A] party opposing summary judgment[, however,] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].
(Citations omitted; internal quotation marks omitted.) Water Way Properties v. Colt's Manufacturing Co., Inc., 230 Conn. 660,664-65, 646 A.2d 143 (1994).
Section 17-45 of the Practice Book provides that the party opposing summary judgment "prior to the day the case is set down for short calendar shall file opposing affidavits and other . . . documentary evidence . . ." When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Penn., 231 Conn. 756,795, 653 A.2d 122. "Because the plaintiff moved for summary judgment on this count and there were no contradictory affidavits, the court properly decided the motion by looking only to the sufficiency of the plaintiff's affidavits and other proof." Id. Because the plaintiff here has failed to CT Page 4205 make any adverse claim with evidence demonstrating the existence of a disputed issue of material fact, the court must determine whether the defendant has satisfied its burden of proving the nonexistence of a genuine issue of material fact.
 III. Discussion
The commercial insurance contract between the parties, attached as Exhibit A to the defendant's memorandum, expressly provides that "[n]o one may bring a legal action against [the defendant] unless . . . the action is brought within 2 years after the date on which the direct physical damage to the insured occurred." (Part One, E, 4, "Legal Action Against Us," p. 24.) It is undisputed that the fire damage which is the basis for the plaintiff's claim of covered loss occurred on August 2, 2000. The court file reflects that plaintiff filed its complaint on September 4, 2002, more than two years after the fire damage.
"When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) Levine v. Massey, 232 Conn. 272, 278, 654 A.2d 737
(1995). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) OCI Mortgage Corp. v. Marchese, 255 Conn. 448,466, 774 A.2d 940 (2001). A contractual period of limitation for bringing actions contained within an insurance policy is legally enforceable. SeeBocchino v. Nationwide Mutual Fire Insurance Company, 246 Conn. 378,716 A.2d 883 (1998). Because the language of the commercial insurance contract between the plaintiff and the defendant is clear and unambiguous, the court must give effect to the two-year time limitation. Consequently, the defendant has met its burden of proving the nonexistence of a genuine issue of material fact and is entitled to judgment as a matter of law.
For the foregoing reasons, defendant's motion for summary judgment is granted.
 BY THE COURT STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT
CT Page 4206